IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GLORIA J. CRUMPTON**                                                **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO.:4:04CV152LN**

**UNITED PARCEL SERVICE, INC.**                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the court upon the Plaintiff's Motion to Quash and for Protective Order. The court has reviewed the Motion and the response and is of the opinion that the Motion should be granted. Discovery ended in this matter on June 3, 2005. On December 27, 2005, the Defendant noticed the deposition of Dr. Wesley Spruill, one of the Plaintiff's treating physicians, which is scheduled to occur on December 29, 2005, in Tuscaloosa, Alabama.[1] The Defendant's rationale for noticing this late deposition is that it is a **trial**, rather than **discovery** deposition, and, therefore, the late notice does not offend the discovery deadline.

The Federal Rules of Civil Procedure do not recognize the distinction between a trial deposition and a discovery deposition. *Bobrosky v. Vickers*, 170 F.R.D. 411, 416 (W.D. Va. 1997); *Clay v. Board of Trustees*, Civ. A. No. 94-2282-EEO, 1995 WL 646817, at *1 (D. Kan. Sept. 26, 1995); *Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 557-58 (D. Minn. 1991). There is some authority for the proposition that the Fifth Circuit would recognize a distinction, and permit a trial deposition after the discovery deadline, under certain circumstances. *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982). In *Charles*, the Plaintiff sought to depose a prisoner after the discovery deadline,

---

[1] Although the Motion is designated as a motion to quash, in addition to a motion for protective order, there is no indication that a subpoena has been issued to compel Dr. Spruill, a non-party, to appear.

so that his testimony could be used at trial. In light of the fact that the prisoner could not appear at trial, the court was willing to permit the deposition to occur, so that the plaintiff could present the testimony at trial. The court finds that the circumstances of this case are inapposite. First, there has been no impediment to the Defendant's taking the deposition of Dr. Spruill during the discovery period. Second, Dr. Spruill was never designated as an expert, which is required even for a treating physician; thus, much, if not all, of his testimony would likely be inadmissible. Third, the deposition was unilaterally set without reasonable notice. Finally, the Defendant admits to listing Dr. Spruill as a potential trial witness on its pretrial order, but seeks this deposition only because it is "more convenient" for him to be deposed rather than to personally appear. For these reasons, the court is of the opinion that the Defendant should not be permitted to take this deposition at this late date, and the Motion to Quash and for Protective Order will be granted. The Defendant has proposed that, in return for agreeing to forego Dr. Spruill's deposition, the Plaintiff be precluded from submitting any medical evidence in this matter. This request is, in essence, a motion in limine, which must be decided by the District Judge, pursuant to Unif. Local R. 72.5.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Quash and for Protective Order is hereby **granted.**

IT IS SO ORDERED, this the 28th day of December, 2005.

                                              S/Alfred G. Nicols, Jr.
                                   UNITED STATES MAGISTRATE JUDGE